{¶ 40} I respectfully believe the majority misapprehends the standard of review. The majority applies the opinion of the Fifth Appellate District in State v. Bradford, supra — an opinion dating from 1988 — in postulating that appellate courts must consider the *Page 11 
evidence "in a light most favorable to the prosecution," id. at 4, when considering a manifest weight challenge. While cognizant that this restriction on an appellate court's review of manifest weight challenges in criminal proceedings was once applied by some courts of this state, I believe that it now only applies in sufficiency challenges.
 {¶ 41} A challenge to the sufficiency of the evidence questions whether the state presented evidence on each element of a crime, thus allowing submission of a case to the jury. Cf. Thompkins at 386. It is a question of law. Id. Naturally, therefore, the evidence when considering a sufficiency challenge is construed in favor of the state, as the reviewing court is merely determining whether evidence relating to each element of a crime charged was presented.
 {¶ 42} A manifest weight challenge is different in kind. The reviewing court actually "sits as a `"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony."Thompkins at 387, citing Tibbs v. Florida (1982), 457 U.S. 31, 42. The reviewing court must review the entire record, and is bound to interpret the record, if at all possible, in accord with the jury's verdict — not in favor of the state.
 {¶ 43} I believe that a review of the entire record in this case leads to the conclusion that the jury lost its way. Cf. Martin at 175. The discrepancy between the testimony of the officers putting appellant in the holding cell (i.e., they carried him in), and Ms. Matteo (he walked in), is significant. Further, the events as related by the officers simply do not account for the injuries suffered by appellant.
 {¶ 44} I would reverse and remand. Accordingly, I respectfully dissent. *Page 1